# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-30206
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 5, 2018

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FAUSTINO NGAY,

Defendant-Appellant

————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:16-CR-27-1

————

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Faustino Ngay, a citizen of Angola, appeals his jury conviction for two counts of conniving, conspiring, or taking any other action designed to prevent or hamper, or with the purpose of preventing or hampering, his departure from the United States pursuant to an outstanding final order of removal in violation of 8 U.S.C. § 1253(a)(1)(C). Although Ngay has been removed to Angola, his appeal nonetheless presents a live case or controversy in light of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the potential adverse consequences of the instant conviction should Ngay apply for reentry into the United States. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Sibron v. New York*, 392 U.S. 40, 55 (1968).

Ngay preserved his challenge to the sufficiency of the evidence, and we therefore review *de novo*. *United States v. Ferguson*, 211 F.3d 878, 882 (5th Cir. 2002). "We review the jury's verdict with great deference, and view all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find guilt beyond a reasonable doubt." *United States v. Churchwell*, 807 F.3d 107, 114 (5th Cir. 2015). "[T]he jury is free to choose among reasonable constructions of the evidence." *United States v. Lankford*, 196 F.3d 563, 575 (5th Cir. 1999) (internal quotation marks and citation omitted).

To show a violation of § 1253(a)(1)(C), the Government had to prove beyond a reasonable doubt that there was a final order of removal pending against Ngay; that Ngay was a "deportable alien" as defined by 8 U.S.C. § 1227; and that he connived, conspired, or took any other action designed to prevent or hamper, or with the purpose of preventing or hampering, his departure. § 1253(a)(1). Ngay does not dispute that he is a removable alien subject to a final order of removal to Angola. Although the Government arguably also must prove a culpable mens rea, Ngay does not dispute that his actions were knowing. *See* § 1253(a)(1).

According to Ngay, his behavior did not hamper his removal but, rather, the commercial airline personnel refused to permit him to board the airplane for the flight to Angola and so were responsible for his non-removal. The trial evidence showed Ngay unequivocally declared to the deportation officer both times that they tried to escort him onto a flight to Angola that he would not go. On both occasions as well, Ngay physically resisted the deportation officers'

efforts to get him through the Transportation Safety Administration (TSA) security area by stiffening his legs to avoid moving forward, jerking his arms and thrashing about to escape the officers' hold, hitting his head on a wall locker in the screening area, and trying to drop his pants. Moreover, Ngay screamed continually on both occasions that he would not return to Angola, and the deportation officer testified that, if an alien has boarded a plane and is screaming, the airline will demand he exit the plane. Although deportation officers brought Ngay for inspection to a less public screening area, he was so disruptive each time that TSA officers could not screen him and airline representatives refused to allow him to board. In addition, the evidence showed that Immigration and Customs Enforcement notified Ngay after each failed removal attempt that his conduct constituted a violation of § 1253(a)(1).

In light of these facts, the jury's conclusion that Ngay twice acted "with the purpose of preventing or hampering" his removal to Angola, was a reasonable interpretation of the evidence. § 1253(a)(1)(C); *see Lankford*, 196 F.3d at 575. We will not disturb those findings on appeal. *Id.*

AFFIRMED.